UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>AZIZ KAMALI, M.D., INC., and AZIZULAH KAMALI,<br><br>Respondents. | No. 2:20–cv–2156–TLN–CKD<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 1) |

Presently before the court is the United States' Petition for Summary Enforcement of a Civil Investigative Demand ("CID") issued to respondents Azizulah Kamali, M.D., and Aziz Kamali, M.D., Inc., his medical corporation.[1] (ECF No. 1.) The petition seeks to compel respondents' compliance with CID No. 2020-EDCA-11, served in connection with an investigation under the False Claims Act ("FCA"), by providing documents responsive to several production demands, complete answers to interrogatories, and a privilege log. (Id. at 1.) Respondents have not opposed or otherwise responded to the petition.[2] Petitioner filed a reply

---

[1] This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1).

[2] In accordance with the court's October 28, 2020 show cause order, petitioner served respondents both by email and by FedEx overnight delivery with the petition, all accompanying papers, and the court's show cause order. Respondents' counsel confirmed receipt of the filings on October 29, 2020, but no further communication followed. (ECF No. 7 at 1 n.1; ECF

1

arguing that respondents have thereby conceded all arguments for, and waived any arguments against, the petition's enforcement.  (ECF No. 7.)  The petition was taken under submission pursuant to Local Rules 230(c) and 230(g).  (ECF No. 9.)  Although the undersigned agrees that respondents' failure to file any opposition should be construed as a statement of their non-opposition, see L.R. 230(c), the court briefly addresses the merits of the petition—and recommends that the petition be GRANTED.

**BACKGROUND**

Respondent Dr. Azizulah Kamali is an internal and geriatric medicine physician practicing in Stockton, California.  As part of his practice, Dr. Kamali offers "auricular electro-acupuncture" using a battery-operated device that provides intermittent electrical stimulation to the inside of a patient's ear.  (ECF No. 2 at 1-2.)  The United States is investigating whether Dr. Kamali and his medical corporation violated the FCA—specifically 31 U.S.C. § 3729—by knowingly submitting false claims to federal healthcare insurers like Medicare and Medi-Cal for such services.  Specifically, the United States is investigating whether respondents' more than $2.4 million in claims for surgically implanted neurostimulators (which are reimbursed by Medicare at high rates) were fraudulently submitted for the auricular electro-acupuncture services which are not reimbursable under the federal programs.  (Id.; ECF No. 3.1 at 2.)

On June 12, 2020, as part of this investigation, the United States Attorney for the Eastern District of California—a designee of the United States Attorney General—issued the CID pursuant to the FCA, 31 U.S.C. §§ 3729-3733.  (ECF Nos. 3 at 1, 3.1.)  On June 16, 2020, the CID was served on respondents.  (ECF No. 3 at 2.)  Petitioner granted respondents several extensions of time to respond to the CID, which includes 16 demands for documents and 13 interrogatories.  (Id.; ECF No. 3.1 at 10-13.)  On August 10, 2020, respondents submitted responses and objections to the CID but did not produce documents responsive to all demands, nor did they completely answer all interrogatories.  (ECF No. 3 at 2-3; ECF Nos. 3.5-3.8.)  Petitioner's repeated attempts over two months to meet and confer with respondents to resolve the

---

Nos. 8-8.3.)

issues were met with silence from respondents' counsel.  (ECF No. 3 at 3, ECF Nos. 9-10.)

Petitioner therefore filed the instant enforcement petition on October 27, 2020, seeking to compel:  (1) all responsive documents in response to Demands 1, 2, 4-8, 10-13, and 16; (2) answers to Interrogatories 3 and 4; (3) complete answers to Interrogatories 1, 5-10, and 12; and (4) a privilege log in accordance with Instructions 8 and 9 of the CID.  (ECF No. 1.)

**LEGAL STANDARD**

"The FCA . . . is the government's primary litigative tool for combatting fraud against the federal government." United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 745 (9th Cir. 1993). "Whenever the Attorney General, or a designee . . . has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation, the Attorney General, or a designee, may, before commencing a civil proceeding . . . , issue in writing and cause to be served upon such person, a civil investigative demand requiring such person —(A) to produce such documentary material for inspection and copying, [and] (B) to answer in writing written interrogatories with respect to such documentary material or information . . . ." 31 U.S.C. § 3733(a)(1)(A)-(B).

"Whenever any person fails to comply with any civil investigative demand issued under subsection (a) . . . , the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of the civil investigative demand." 31 U.S.C. § 3733(j)(1).

Civil investigative demands are enforced as administrative subpoenas. See United States v. Picetti, No. 2:19-cv-00049-KJM-AC, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019) (collecting cases).  And as such, the scope of judicial review is "quite narrow."  See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1113 (9th Cir. 2012).  As the Ninth Circuit has explained: "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." EEOC v. Fed. Express Corp., 558 F.3d 842, 848 (9th Cir. 2009) (quoting EEOC v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1076 (9th

Cir. 2001)). "If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." EEOC v. Children's Hosp. Med. Ctr. of N. Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299 (9th Cir. 1994).

**DISCUSSION**

As to the first factor, the present CID falls squarely within § 3733(a)(1)'s grant of authority to seek documentary material and interrogatory answers. The United States is investigating whether respondents submitted or caused the submission of false claims to federal healthcare programs by misrepresenting the nature of the services actually performed. (ECF No. 2 at 1-2.) And it is undisputed that the United States has not yet initiated a civil false claims action against respondents.

Second, the CID and petition show that all applicable statutory procedural requirements have been met. The CID specifies the conduct under investigation and the law(s) alleged to have been violated, as required by § 3733(a)(2)(A). (See ECF No. 3.1 at 2.) It also describes the documentary material to be produced with "definiteness and certainty" and sets forth "with specificity" the interrogatories to be answered, as required by § 3733(a)(2)(B)(i), (C)(i). (See id. at 2, 10-13.) And it prescribes a 30-day return date and identifies the false claims investigator to receive documents and interrogatory answers, as required by § 3733(a)(2)(B)(ii)-(iii), (C)(ii)-(iii). (See id. at 2-3.)

Third, the CID seeks evidence relevant and material to the United States' investigation. The relevancy requirement in this context is "not especially constraining." Fed. Express., 558 F.3d at 854. Courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." Karuk Tribe, 260 F.3d at 107. The documents demanded and interrogatories posed relate to Dr. Kamali's communications with his staff and third parties concerning coverage for auricular electro-acupuncture—relevant to whether his conduct was "knowing"; his requests for federal reimbursement—relevant to whether he submitted "claims" under the FCA; and identifying other

employees and contractors with knowledge about these claims.  Clearly these requests are within the scope of DOJ's and HHS's lawful purpose of eliminating Medicare fraud and prosecuting false claims.

Having received no opposition from respondents, the court need not assess whether the CID might be overbroad or unduly burdensome.  See Children's Hosp., 719 F.2d at 1428 (once agency meets the three factors, burden is on investigated party to prove inquiry is unreasonable).

**CONCLUSION**

For all these reasons, the undersigned finds that the CID is enforceable and should be enforced.  Accordingly, it is HEREBY RECOMMENDED that:

1. The Petition for Summary Enforcement of Civil Investigative Demand No. 2020-EDCA-11 (ECF No. 1) be GRANTED; and
2. Respondents be ordered to, within 10 business days of the date of issuance of an order adopting these Findings and Recommendations, comply with the CID by:
    a. Producing all documents responsive to Demands 1, 2, 4-8, 10-13, and 16;
    b. Answering Interrogatories 3 and 4;
    c. Providing complete answers to Interrogatories 1, 5-10, and 12; and
    d. Producing a privilege log in accordance with Instructions 8 and 9.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may

////
////
////
////

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.kama.2156